UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

GREGORY A. WHITE,

    Plaintiff,

v.          07-CV-3022

THOMAS MONAHAN,

    Defendants.

## Order

Before the court are several pending motions, addressed in turn below.

IT IS ORDERED:

1) The defendant's motion to compel discovery is denied (d/e 13). It is clear to the court that the plaintiff believes that the defendant is personally responsible for the systemic lack of access to legal and other materials needed to pursue non-frivolous legal claims. Trying to compel a more specific response through a contention interrogatory would be fruitless in the court's view. The defendant may detail his control, if any, over the legal resources allowed and provided and budgeted for at Rushville, in a well supported summary judgment motion.

2) The plaintiff's amended complaint (d/e 19), docketed as a motion for leave to file an amended complaint is denied. Since the defendant has filed an Answer, leave of court is necessary to file an amended complaint. Fed. R. Civ. Proc. 15(a). Though leave should be granted freely when justice requires, leave to amend is not required if there is undue delay, bad faith, dilatory motive, undue prejudice to the opposing party, or when the amendment would be futile. *Bethany Pharmacal Co. v. QVC, Inc.*, 241 F3d 854, 860 (7th Cir. 2001), *citing Foman v. Davis*, 371 U.S. 178, 182; *Perrian v. O'Grady*, 958 F.2d 192, 194 (7th Cir. 1992).

Initially, the court notes that it does not permit piecemeal amendments. An amended complaint replaces the original complaint in its entirety and thus must contain all claims against all the defendants.

Even if the court did accept piecemeal complaints, it would not allow the amended complaint. The plaintiff's amended complaint adds two new plaintiffs and new claims against those plaintiffs. Although the claims also fall under access to the court claims, they involve different facts and events. This case is about systemic failures to provide access to a law library or legal books, printers, law discs, etc. The amended complaint deals with two new defendants who have allegedly separated the plaintiff from the general population and written him up for

trying to obtain legal help from other detainees.  The plaintiff appears to be trying to shoehorn his claims against the new defendants into his initial access claim by asserting they are the Doe defendants, but the plaintiff does not explain how the new defendants and alleged events were not known to him at the time he filed this complaint.  If they occurred when he filed his complaint, the plaintiff has unduly delayed in bringing them.  If they recently occurred, they are not appropriate to add to the case.  Allowing additional claims each time the plaintiff experiences an adverse event would indefinitely delay this case and prejudice the existing defendant.

      3) The plaintiff's motion for reconsideration of the order denying the plaintiff's motion for depositions is denied (d/e 23).  The court is not authorized to pay for the plaintiff's depositions.  Costs can be charged to the defendants only of the plaintiff wins the case.  Fed. R. Civ. P. 54(d).

      4) The plaintiff's motion to appoint counsel is denied (d/e 24).  As the court noted in its prior order denying counsel, the plaintiff has not shown what efforts he has made to obtain counsel on his own, which is required before the court can consider the merit of the motion.  *Pruitt v. Mote*, 503 F.3d 647, 654-55 (7th Cir. 2007).

      5) Dispositive motions are due May 30, 2008.

Enter: March 20, 2008.

                                                            **s\Harold A. Baker**

                                                            HAROLD A. BAKER
                                                            U.S. DISTRICT JUDGE