UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

GREGORY A. WHITE,

    Plaintiff,

v.                                                                                                07-CV-3022

THOMAS MONAHAN,

    Defendants.

### Order Granting Summary Judgment

    This case proceeds on the plaintiff's claim on lack of access to the courts. Now before the court is the defendant's motion for summary judgment, which is granted for the reasons below.

    The plaintiff is detained in the Rushville Treatment and Detention Center. In his complaint, the plaintiff alleged the facility has no law library, no law books, and no typewriters. He alleged that copies cost too much (.20 a page), and that he isn't allowed to buy his own computer, printer, copier, and law library disc. Plaintiff alleged that, as a result, he was unable to challenge his criminal case, file habeas actions or pursue his pending civil cases. He seeks an order directing the Department of Human Services to allow him and other residents to purchase with their own funds a laptop computer, printer/copier and law library disc. He also seeks an order directing the Department of Human Services to supply a law library every day from 8:00 a.m. to 10:45 p.m. and for photocopies at a reasonable price.

    The defendant moves for summary judgment on the grounds that a "law library" was made accessible to all residents as of February 11, 2008, mooting the plaintiff's request for injunctive relief. The defendant's memorandum shows that residents must request to visit the library and are then scheduled, first-come, first-served, for 30 minute intervals, no more than once per week. The plaintiff counters that the "law library" is just one computer (for 350 residents) with a "censored" law disc downloaded onto it. According to the memorandum, the library is open about 21 hours per week, which would mean that about 42, one-half hour slots are available per week. The plaintiff also asserts that he is unable to make copies, that he cannot access the "law library" while on special management status, that he must pay "points" for a flash drive to down load the case law, that the amount of legal envelopes he can purchase is restricted, and that he has been punished for passing legal material.

    As noted in the court's prior order, "the right of access to the courts is the right of an individual, whether free or incarcerated, to obtain access to the courts without undue interference. The right of individuals to pursue legal redress for claims that have a reasonable

1

basis in law or fact is protected by the First Amendment right to Petition and the Fourteenth Amendment right to substantive due process." *Snyder v. Nolen*, 380 F.3d 279, 291 (7th Cir. 2004). "A prisoner states an access-to-courts claim when he alleges that even though he successfully got into court by filing a complaint or petition challenging his conviction, sentence, or conditions of confinement, his denial of access to legal materials caused a potentially meritorious claim to fail." *Marshall v. Knight*, 445 F.3d 965, 969-970 (7th Cir. 2006). However, "various resources, documents, and supplies merely provide the instruments for reasonable access, and are not protected in and of themselves. Thus, when a plaintiff alleges a denial of the right to access-to-courts, he must usually plead specific prejudice to state a claim, such as by alleging that he missed court deadlines, failed to make timely filing, or that legitimate claims were dismissed because of the denial of reasonable access to legal resources." *Ortloff v. United States*, 335 F.3d 652, 656 (7th Cir. 2003).

The plaintiff has shown no prejudice from his limited ability to conduct legal research or from the denial of copies or other supplies, like his own computer, printer and law disc. He offers no evidence that he suffered any adverse court ruling or was precluded from pursuing legitimate claims in court. He has demonstrated no prejudice from his temporary inability to access the computer while he was on special management status. Having one's own computer and printer and legal research software would make researching and drafting legal documents much easier, and thus affect "access" in that way, but that is not what "access" means in the Constitutional context. In short, the plaintiff has not proven that his access to the court was hampered in this case or any other.

The plaintiff argues that he is not a prisoner, and that there is no legitimate reason to preclude him from buying his own laptop computer, printer and law disc. The only reason given by the defendant is that this equipment is not approved. The court understands that the plaintiff is not a prisoner, but he *is* being detained as a sexually violent person in a state-run facility, which necessarily entails a loss of liberties. Regarding desired property that is constitutionally significant, the facility may restrict possession of that property for legitimate reasons such as security concerns, rehabilitation efforts, cost, space, time and the like. Here, the defendant has not proffered its reason for the restriction. The court does not need to reach the question whether the reason is legitimate, however, because, in the court's opinion, the plaintiff has no protected constitutional interest, as a detainee, in possessing a laptop computer, printer and law disc. The property he seeks does not touch on an enumerated Constitutional right (such as if he were being denied a book or article, which would fall under the First Amendment). The inability to possess a computer does not implicate a property interest that might be protected by procedural due process protections or an interest that might be classified as a substantive due process interest. As discussed, no right of access to the courts is implicated on this record. The court simply sees no federal question is presented regarding whether the plaintiff should be allowed to buy his own laptop, printer and legal disc.[1]

---

[1]The court supposes the denial of the legal disc, if that is all the plaintiff sought, might fall under the First Amendment, but it would be worthless (from a First Amendment perspective)

IT IS THEREFORE ORDERED:

1) The defendant's motion for summary judgment is granted (d/e 28). The clerk of the court is directed to enter judgment in favor of the defendant and against the plaintiff. All pending motions are denied as moot, and this case is terminated, with the parties to bear their own costs.

2) If the plaintiff wishes to appeal this dismissal, he may file a notice of appeal with this court within 30 days of the entry of judgment. Fed. R. App. P. 4(a)(4). A motion for leave to appeal *in forma pauperis* should set forth the issues the plaintiff plans to present on appeal. *See* Fed. R. App. P. 24(a)(1)(C).

Entered this <u>24th</u> Day of February, 2009.

<u>s\Harold A. Baker</u>
HAROLD A. BAKER
UNITED STATES DISTRICT JUDGE

---

without a computer in which to insert it.